Case 7:19-cr-00666-KMK   Document 212   Filed 02/08/22   Page 1 of 2

**TANNER & ORTEGA, L.L.P.**
ATTORNEYS AT LAW
WWW.TANNERORTEGA.COM

HOWARD E. TANNER*
HUGO G. ORTEGA
*MEMBER OF N.Y., N.J. AND D.C. BAR

**MEMO ENDORSED**

**NEW YORK CITY OFFICE**
299 BROADWAY
SUITE 1700
NEW YORK, NY 10007
OFFICE: (212) 962-1333
FAX: (212) 962-1778

**WHITE PLAINS OFFICE**
175 MAIN STREET
SUITE 800
WHITE PLAINS, NY 10601
OFFICE: (914) 358-5998
FAX: (914) 761-0995

February 8, 2022

Honorable Kenneth M. Karas
United State District Judge
United States District Courthouse
Southern District of New York
300 Quarropas Street
White Plains, NY 10601

BY ECF AND EMAIL/PDF

          **Re:**   *USA v. Howard Meredith*, **19 Cr. 666 (KMK)**
                **Motion for CARES Act Finding for Plea Hearing**

Dear Judge Karas:

      I am appointed to represent the defendant, Howard Meredith. The parties have reached an agreement for the defendant to plead guilty to an Information charging three counts of Conspiracy to Possess a Controlled Substance in violation of 21 USC §844. Mr. Meredith has been at liberty since initial presentment on a bond package approved by the Court (ECF Doc No. 17). Based upon the reasons contained herein, the defendant seeks a Plea Hearing to be conducted remotely.

      Due in part to the Pandemic, this case has been pending for a protracted period, since September, 2019. The defendant wishes to proceed as expeditiously as possible so that he can resolve this case and move on with his life. There is still a significant ongoing danger of Covid-19 transmission with the Omicron Variant and a physical appearance would pose a completely unnecessary risk to the Court, courtroom staff and to the parties when a virtual appearance would suffice with appropriate waivers and allocution. Mr. Meredith would also need to provide certain advance notice to his employer which could further delay the proceedings and cause him a financial hardship in losing a day's pay.

      Accordingly, to avoid a prejudicial delay in these proceedings during this deadly pandemic, I request that Your Honor find that both conditions of the CARES Act have been met: (1) that the plea hearing pursuant to Rule 11 cannot be taken in person without seriously jeopardizing public health and safety; and (2) that in this particular case, it cannot be further delayed without serious harm to the interests of justice and may proceed by video teleconference, or by telephone conference, if video teleconferencing is not reasonably available.

The Government has no objection this application.

Application granted. The Court finds, under the CARES Act, that a plea can go forward remotely in this case, because, for the reasons outlined in this letter, delay to have the proceeding done in person until the pandemic subsides could inflict serious harm to the interests of justice.

So Ordered.

2/8/22

Very truly yours,

Tanner & Ortega, L.L.P.

Howard E. Tanner

cc:    AUSA Christopher Brumwell (By ECF and Email/PDF)

-2-